IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSAURA GENCHI GARCIA,<br><br>                  Petitioner,<br><br>vs.<br><br>GREG LONDON, Sarpy County Sheriff; KRISTI NOEM, Secretary, United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,  EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,  OMAHA IMMIGRATION COURT, DAREN MARGOLIN, Director, Executive Office for Immigration Review; TODD LYONS, Acting Director, Immigration and Customs Enforcement; PETER BERG, Director, St. Paul ICE Field Office; and JO MARTIN, Sarpy County Jail Director;<br><br>                  Respondents. | 8:25CV624<br><br><br>ORDER TRANSFERRING VENUE AND CANCELING HEARING ON PETITION FOR WRIT OF HABEAS CORPUS |

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Rosaura Genchi Garcia, an undocumented alien who has lived in the United States since 2003 or 2004,[1] requests that the Court find her detention by Immigration and Customs Enforcement (ICE) pending the completion of her removal proceedings unlawful "and issue a preliminary injunction requiring [Executive Office of Immigration Review (EOIR)] to provide Petitioner with a bond hearing within seven days or in the alternative, order that Petitioner be released from custody." Filing 1 at 1–2 (¶¶ 1, 6). The Court set a briefing schedule and an expedited hearing on the habeas petition as required by 28 U.S.C. § 2243. Filing 18.

---

[1] Genchi Garcia's Petition lists both dates. Compare Filing 1 at 1 (¶ 1), with Filing 1 at 3 (¶ 24).

1

However, this matter is now before the Court on Petitioner's December 9, 2025, Motion to Transfer Venue. Filing 21. Petitioner represents that she has been moved from custody in the Sarpy County Jail in Nebraska to the Woodbury County Jail in Sioux City, Iowa, where she is currently held. Filing 21 at 1–2. Petitioner asserts that governing law establishes that venue is proper in the district in which the immediate custodian exercises control, which would now be the Northern District of Iowa. Filing 21 at 2. Petitioner represents that the Respondents do not object to a transfer of venue. Filing 21 at 2. She also requests an expeditious transfer waiving the thirty-day transfer hold. Filing 21 at 2.

> The United States Supreme Court has explained,
>
> District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). We have interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden [v. 30th Judicial Circuit Court of Ky.]*, 410 U.S. [484,] 495, 93 S.Ct. 1123 [(1973)].

*Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Thus, the Supreme Court concluded that jurisdiction over a habeas petition lies in the district that has jurisdiction over the custodian. *Id*. The Supreme Court concluded further that this reading was consistent with the plain language of the statute and the "district of confinement" rule in the context of which the statute had been enacted. *Id*. at 443. The Supreme Court then concluded, "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id*. Here, there is no dispute that Petitioner is no longer confined in this District but is now confined in the Northern District of Iowa. Thus, this Court no longer has jurisdiction, and transfer is appropriate. *Id*. Furthermore, the hearing in this matter set for December 15, 2025, must be canceled.

The procedural statute applicable to § 2241 habeas petitions, 28 U.S.C. § 2243, provides for expedited proceedings to resolve such petitions. 28 U.S.C. § 2241. In light of the requirement

to expedite § 2241 proceedings, the Court agrees with Petitioner's request that the transfer of this case must be made expeditiously waiving the thirty-day transfer hold.

Accordingly,

IT IS ORDERED that

1.  Petitioner's December 9, 2025, Motion to Transfer Venue, Filing 21, is granted;

2.  This case shall be expeditiously transferred to the United States District Court for the Northern District of Iowa, and the thirty-day transfer hold is waived;

3.  The hearing in this matter set in this Court for December 15, 2025, is canceled.

Dated this 10th day of December, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge